UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA RIGGI ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ) | |
| STONELEIGH RECOVERY ) | |
| ASSOCIATES, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Barbara Riggi, by and through her undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire, of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.  Plaintiff, Barbara Riggi, is a adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practice.

**II. JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Barbara Riggi, is an adult natural person residing at 445 Madeline Avenue, Garfield, New Jersey 07026-2021. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Stoneleigh Recovery Associates, LLC, ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the States of New Jersey and Illinois, with its principal place of business located at 801 Springer Drive, Lombard, IL 60148.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around December, 2010, Plaintiff started receiving collection calls from Defendant's agent, "Amy", in regards to an alleged debt owed on an HSBC account.

8. Defendant's agent, "Amy", placed these calls to Plaintiff's home phone and to Plaintiff's personal cell phone.

9. During the first call, Plaintiff informed Defendant's agent, "Amy", that she had retained the legal services of personal counsel to help aid her in her debt negotiations and asked that the Defendant call her attorney directly in this matter.

10. Plaintiff gave Defendant's agent, "Amy", her attorney's contact information and telephone number 866-939-7252.

11. Despite Plaintiff giving the Defendant her attorney's contact information, Plaintiff continued to receive collection calls from Defendant's agent, "Amy".

12. On or about December 29, 2010, Plaintiff's attorney sent a cease and desist letter to the Defendant. **See "EXHIBIT A" (letter) attached hereto**.

13. Plaintiff however continued to receive calls from the Defendant.

14. In or around January, 2011, Defendant's agent, "Amy", informed the Plaintiff that the Defendant was not going to work with her attorney and that the Defendant was going to continue to call the Plaintiff.

15. Defendant informed the Plaintiff that an attorney would not be able to help her in this matter.

16. Defendant's agent, "Amy", threatened the Plaintiff with a judgment if she did not work with the Defendant directly to settle the above mentioned account.

17. On or about February 23, 2011, Plaintiff received a call from Defendant's agent, "Amy", on her personal cell phone while Plaintiff was at work.

18. Plaintiff again informed the Defendant's agent that she was being represented by an attorney and the Defendant needed to call Plaintiff's attorney directly.

19. Defendant's agent, "Amy", insisted to the Plaintiff that nothing was going to change because Plaintiff had an attorney and that Plaintiff was still going to have to pay her debt no matter what.

20. Plaintiff was told by the Defendant that an attorney was not going to get her out of this mess.

21. Plaintiff then asked Defendant's agent, "Amy", if Defendant would consider settling for half the debt amount if the Plaintiff negotiated with them personally.

22. Defendant's agent, "Amy", informed the Plaintiff that Defendant would not settle for anything less than the full amount of the debt which was $4,714.00.

23. Plaintiff tried to explain to the Defendant's agent that she was not working the hours that she was before and that she could not afford to pay the full debt amount.

24. Defendant's agent, "Amy", went on to tell the Plaintiff that regardless of her circumstances, the Defendant was not going to make a deal for half the debt with the Plaintiff.

25. Plaintiff was told that it did not matter to the Defendant if she was working or not, the Plaintiff was going to pay the full amount.

26. On that same call, Defendant's agent, "Amy", demanded that the Plaintiff write a check immediately.

27. Plaintiff refused.

28. Before ending the call, Defendant's agent, "Amy", stated that the Defendant would be forced to get a judgment against the Plaintiff for her refusal to pay.

29. Plaintiff continues to receive calls from Defendant collecting on the aforementioned debt, despite Defendant's full knowledge that the Plaintiff is being represented by personal counsel.

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

32. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

33. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such persons in connection with the collection of a debt.

34. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

36. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692(a)(1) | | At any unusual time, unusual place, or unusual time and place (while consumer is at work) |
| §§ 1692c(a)(2) | | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | | After written notification that consumer refuses to pay the debt, or that consumer wants collector to cease communication |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, Stoneleigh Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: **March 17, 2011**        BY: **/s/ Bruce K. Warren**
                                Bruce K. Warren, Esquire

                                **BY: /s/Brent F. Vullings**
                                Brent F. Vullings, Esquire

                                Warren & Vullings, LLP
                                1603 Rhawn Street
                                Philadelphia, PA  19111
                                215-745-9800   Fax 215-745-7880
                                Attorneys' for Plaintiff